# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SARAH JEAN WALTHER,

       Plaintiff,

v.

BRINKER RESTAURANT CORPORATION d/b/a CHILI'S, JAY L. TOBIN, RITCHIE JEAN, GEORGE CRESSEY, RUDI CHAVEZ, SEAN, KIM RODRIGUEZ, HANNIBAL, BRYON MCCRORY, and DENISE MOORE, ET AL.,

       Defendants.

Civil Action No.

## <u>NOTICE OF REMOVAL</u>

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant Brinker Restaurant Corporation ("Brinker")[1], by and through its undersigned attorneys, pursuant to 28 U.S.C. § 1131, 1441, and 1446, seeks removal of the above referenced action. As grounds for this removal, Brinker states that:

1.     Sarah Jean Walther ("Plaintiff") instituted a civil action in the Worcester County Superior Court, entitled <u>Sarah Jean Walther v. Brinker Restaurant Corporation, et al.</u>, C.A. No. 18-683-A, by filing a Summons and Complaint on or about May 7, 2018 ("State Action"). The Complaint was served on Brinker on or about August 2, 2018. True and accurate copies of the Summons and Complaint are annexed hereto as <u>Exhibit A</u>. The Complaint alleges causes of action

---

[1] Brinker is an improper defendant. Brinker International Payroll Company, L.P is the entity that employs the individuals who work at Chili's Grill & Bar restaurants ("Chili's"). Moreover, during the times relevant to this case, Plaintiff was employed by Pepper Dining, Inc., the former owner and operator of the Chili's restaurants where Plaintiff worked.

arising under Massachusetts Statutory law, Massachusetts Common Law, and the 1st, 4th, 5th, 9th, and 14th Amendments to the United States Constitution.

2.    Defendants have not yet served any Answer or responsive pleading to the Complaint, and no further proceedings have occurred in this State Action to date.

3.    The only Defendant properly served in this matter within the 90-day limit of Mass. R. Civ. P. 4(j) was Brinker Restaurant Corporation.[2]

4.    As set out more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 because: (i) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331; and (ii) Defendants have satisfied the procedural requirements for removal.

5.    This action is being removed to this Court on the grounds that original jurisdiction of this action is in this Court. Specifically, the Plaintiff has asserted claims that arise under the United States Constitution.

6.    This Notice is being filed within thirty (30) days of service of the Summons and Complaint. The time for filing this Notice under 28 U.S.C. § 1446(b) has not expired.

## FEDERAL QUESTION JURISDICTION

7.    28 U.S.C. § 1441 provides the basis for removal jurisdiction of this Court in this action. That section provides, in pertinent part:

> *any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.*

---

[2] Plaintiff has claimed, in her Emergency Motion to Extend Time for Service (Dkt. No. 3), that she served defendant Kim Rodriguez. The proof of service (Dkt. No. 5) indicates that a "Kim Rodriguez" was served on August 6, 2018 at the Chili's restaurant located in Danvers Massachusetts. While it is true that a "Kim Rodrigues" worked in Human Resources for Pepper Dining, Inc. at the time of Ms. Walther's employment, Ms. Rodrigues left Pepper Dining in 2015. Ms. Rodrigues has not been involved with Chili's restaurants since that time, was not otherwise present at the Danvers Chili's on August 6, 2018, and was never served in this case.

8.    The State Action herein is within the original jurisdiction of this Court based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, in that Plaintiff here claims damages pursuant to the "Constitution, laws, or treaties of the United States," specifically the 1st, 4th, 5th, 9th, and 14th Amendments to the United States Constitution. Compl. ¶¶ 32, 51.

9.    Because the United States District Courts have original jurisdiction over causes of action arising under federal law, pursuant to 28 U.S.C. § 1331, removal of this case to this Court under the circumstances herein is proper.

10.    Accordingly, this action is removable to the Court under 28 U.S.C. § 1441.

11.    Plaintiff's state law claims of violations of Massachusetts statutory and common law are based on the same factual allegations as her constitutional claims. Consequently, this Court has supplemental jurisdiction over the state law claims asserted by Plaintiff pursuant to 28 U.S.C. §1367.

12.    Defendants submit this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pled claims upon which relief may be granted.

13.    Defendants will notify the Worcester County Superior Court and Plaintiff of this Notice of Removal by filing with the Worcester County Superior Court a Notice of Filing of Notice of Removal. A copy of the notification which will be sent to the Worcester County Superior Court is attached hereto as Exhibit "B".

WHEREFORE, Brinker prays that the above State Action now pending against it be removed to this Court.

Respectfully submitted,

BRINKER RESTAURANT CORPORATION
By their attorneys,

/s/Douglas J. Hoffman
Douglas J. Hoffman (BBO # 640472)
JACKSON LEWIS P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025; FAX: (617) 367-2155

Dated: August 31, 2018

## CERTIFICATE OF SERVICE

This hereby certifies that on this 31st day of August, 2018, a copy of the foregoing document was served upon Plaintiff's counsel, David E. Ashworth, 35 West Main Street, West Brookfield MA, 01585, via first class mail, postage pre-paid.

/s/Douglas J. Hoffman
Jackson Lewis P.C.

4814-9306-2504, v. 1

# EXHIBIT A



## CSC

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Litigation Department<br>Brinker International, Inc.<br>6820 LBJ Freeway<br>Dallas, TX 75240-6515 |
| Electronic copy provided to: | Laura Hauser<br>Barb Rotondi<br>Melanie Copic<br>Tripp Stanford<br>Natalie Johnson |

| | |
|---|---|
| Entity: | Brinker Restaurant Corporation<br>Entity ID Number 0264472 |
| Entity Served: | Brinker's Restaurant Corporation, d/b/a Chili's Corporation, Inc. |
| Title of Action: | Sarah Jean Walther vs. Brinkers Restaurant Corporation d/b/a Chili's |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Termination |
| Court/Agency: | Worcester Superior Court, Massachusetts |
| Case/Reference No: | WOCV2018-0683-A |
| Jurisdiction Served: | Massachusetts |
| Date Served on CSC: | 08/02/2018 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | David E. Ashworth<br>508-981-1968 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Commonwealth of Massachusetts**

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _18CV0983A_

Sarah Jean Walther (PLAINTIFF(S)),

v.

Brinker's Restaurant DEFENDANT(S)
Corporation, et al

**SUMMONS**

THIS SUMMONS IS DIRECTED TO Brinker's Restaurant Corporation, d/b/a Chili's (Defendant's name)
Corporation,
Inc.

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Worcester Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by: Superior Filing your signed original response with the Clerk's Office for Civil Business, Worcester Court, 225 Main Street (address), by mail or in person, **AND**
Worcester
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: David Ashworth, Esq., 35 W. Main St. W. Brookfield, MA 01585

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest:

8-2-18

Deputy Sheriff Suffolk County

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____ . (SEAL)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____      Signature: _____

**N.B.**    **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1885CV00683 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Sarah J Walther vs. Brinkers Restaurant Corporation Doing Business as Chili's Corporation,Inc. | | Dennis P. McManus, Clerk of Courts |
| TO: David E Ashworth, Esq. Attorney at Law 35 West Main St West Brookfield, MA 01585 | | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/06/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 09/04/2018 | |
| All motions under MRCP 12, 19, and 20 | 09/04/2018 | 10/04/2018 | 11/05/2018 |
| All motions under MRCP 15 | 07/01/2019 | 07/31/2019 | 07/31/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 04/27/2020 | | |
| All motions under MRCP 56 | 05/26/2020 | 06/25/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/23/2020 |
| Case shall be resolved and judgment shall issue by | | | 05/06/2021 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 05/07/2018 | ASSISTANT CLERK Joanne Herring | PHONE (508)831-2357 |
|---|---|---|

Date/Time Printed: 05-07-2018 14:38:02                                        SCVO36 11/22/14

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

WORCESTER SUPERIOR COURT
CIVIL DIVISION
DOCKET NO. WOCV2018-0683-A

SARAH JEAN WALTHER,              )
    Plaintiff,              )
                 )
                 )
v.              )
                 )
BRINKERS RESTAURANT              )
CORPORATION d/b/a              )
CHILI'S, JAY L. TOBIN,              )
RITCHIE JEAN, GEORGE CRESSEY,              )
RUDI CHAVEZ, SEAN, KIM              )
RODRIGUEZ, HANNIBAL,              )
BRYON MCCRORY, and DENISE              )
MOORE, ET AL.,              )
    Defendants,              )

### PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Sarah Jean Walther, is a resident of the Commonwealth of Massachusetts, with an address of 16 Curtis Avenue, Warren Massachusetts. (hereinafter "plaintiff").

2. The Defendant, Brinker's Restaurant Corporation, d/b/a Chili's,Corporation, Inc., (hereinafter, "Chili's"), is a corporation duly organized under the laws of the state of Delaware, and doing business in the Commonwealth of Massachusetts, with a principal place of business located at 6820 LBJ Freeway, Dallas, TX 75240, and a place of business located on 10 Newbury Street, Danvers, Massachusetts 01923, with a corporate mailing address of Corporation Service Company, 84 State Street, Boston, Massachusetts, 02109. Brinker International, Inc. (NYSE: EAT)

3. The Defendant, Brinker's Restaurant Corporation d/b/a Chili's, Directors, Officers and the Board of Directors (hereinafter, "Chili's Officers and Directors"), is a corporation duly organized under the laws of the state of Delaware, and doing business in the Commonwealth of Massachusetts, with a place of business located on 10 Newbury Street, Danvers, Massachusetts 01923, with a corporate mailing address of Corporation Service Company, 84 State Street, Boston, Massachusetts. Defendants Officers and Directors, Bryan McCrory and Denise Moore, are President and Assistant Secretary of the Corporation, Jay L. Tobin, Barbara L. Mahoney.

4. The Defendant is, Richie Jean, General Manager of Chili's, Danvers, and a resident of the Commonwealth of Massachusetts with a mailing address of 10 Newbury Street, Danvers, Massachusetts 01923.

5. The Defendant is Kim Rodriguez, an employee of and Human Resources Manager at Chili's at times relevant to plaintiff's complaint, and a resident of the Commonwealth of Massachusetts with a mailing address of 10 Newbury Street, Danvers, Massachusetts 01923.

6. The Defendant is George Cressey, an employee at Chili's at times relevant to plaintiff's complaint, and a resident of the Commonwealth of Massachusetts with a mailing address of 10 Newbury Street, Danvers, Massachusetts 01923.

7. The Defendant is, Sean , the Regional Manager at Chili's, at times relevant to plaintiff's complaint, and a resident of the Commonwealth of Massachusetts with a mailing address of Corporation Service Company, 84 State Street, Boston, Massachusetts, 02109.

8. The Defendant is, Rudi Chavez, an employee (cook) at Chili's, at times relevant to this complaint and a resident of the Commonwealth of Massachusetts with a mailing address of 10 Newbury Street, Danvers, Massachusetts 01923.

9. The Defendant is Juan , an employee (cook) at Chili's, at times relevant to this complaint and a resident of the Commonwealth of Massachusetts with a mailing address of 10 Newbury Street, Danvers, Massachusetts 01923.

10. The Defendant is Jay A. Tobin, Hannibal, and John Doe(s), (unknown employees name(s)) and, Board of Directors, Directors, Officers, Managers or employee (cook) at Chili's, who knew of and either participated directly in sexually harassing and unconstitutional conduct toward plaintiff, or who also did so by acts and omissions which constitute a deliberate breach of the legal duty owed under these circumstances and have a mailing address of Corporation Service Company, 84 State Street, Boston, Massachusetts, 02109.

## STATEMENT OF FACTS

11. At all times relevant to the complaint, plaintiff was hired as an employee at Chili's on September 12, 2013, at age 19, and worked for almost two years, employed initially as a hostess and soon promoted to a Bartender and Server at Chili's, in Danvers, Massachusetts.

12. At all times relevant to the complaint, Plaintiff worked at Chili's in Danvers after transferring from Chili's in Hadley, Massachusetts, to attend college at nearby Salem State University.

13. Plaintiff soon realized, in a negative way, the sharp contrast in the way the Danvers Chili's was operated and managed from the Chili's in Hadley, the Danvers Chili's being far more disorganized and poorly managed.

14. The performance of the essential functions of her job necessitated that plaintiff interact with and walk near the kitchen staff, including the defendants who were cooks at Chili's Danvers.

15. On May 8, 2015, and on several occasions after and before that date, the named defendants (cooks) would throw limes at plaintiff, hitting her person, especially her backside, as she walked through the QA alley, this and other much more egregious offensive conduct made plaintiff feel extremely apprehensive and uncomfortable at work. Incidents of sexual harassment were made known to Chili's employees and managers there and when plaintiff appealed to other Chili's employees there, they told her other servers "to just ignore it", and that if I reacted they would continue to do it or do worse things.

16. Naively, plaintiff attempted to take their advice, but on or about January 20, 2015, Defendant Rudi approached plaintiff at work and tried to hug her, extending his arms and attempting to pull her near him and make advances towards her, both verbally by communicating

inappropriate sexual remarks and by continuing to make unconsented to and offensive physical contact and touching of her person. The defendant cooks looked on and on multiple other occasions, sexually verbally harassed plaintiff consistently and pervasively while she worked saying things like: "Aye Sarita, you are so sexy." ,"Why don't you love me?", "Be with me.", "I have this special feeling towards you", "I think about you all the time."

17. On, Friday, January 30th, 2015, plaintiff was closing the restaurant and the cooks were sitting in the booths, Rudi Chavez kept talking to plaintiff interrupting her work and she told him to leave her alone but he kept persisting. After finishing work plaintiff went outside to start her car and was followed by Rudi Chavez and he prevented her from shutting her idling car door and leaving, pushing his pelvis towards her in a suggestive manner and making provocative sounds. After verbal warning that he needed to move, plaintiff started to push him away with her foot so she could get out of her driver's seat and get back into the restaurant.

18. The incident was immediately reported to Linda Fontaine, who was well aware of the situation as per plaintiff's previous complaints of sexually assaultive incidents, and again reported the incident which had just taken place. Defendant Fontaine looked at me with surprise and said she "needed to be careful", and brought her to Defendant Cressey.

19. The next night, Saturday January 31st, plaintiff went into the manager's office, and reported the January 30, 2015, incident and others and the sexually hostile work environment created by Chili's inaction to reasonable complaints. Near the end of plaintiff's shift that evening near the walk in refrigerator in the back, Defendant Juan approached plaintiff and all of a sudden,

the lights went off and Juan grabbed her buttocks area and forced her to hug as plaintiff resisted and she pushed him off her and ran out as fast as she could and ran to report the incident to the nearest employee in QA alley, and Defendant Jean in his manager's office there. Defendant Jean printed out the sexual assault papers and tried to explain it to the best of his ability (there is a language barrier) and informed her these employees had been terminated by himself for similar conduct and were rehired by Defendant, Jean.

20. On Sunday February 1, 2015, plaintiff was approached at work by Defendants Juan and Rudi and one of the two touched by buttocks area and plaintiff stated loudly, "don't you dare touch me", she immediately appealed to Defendant, Jean, the General Manager, making a formal complaint of sexual harassment and demanding assistance on how to prevent this conduct and address this intolerable situation at work.

21. In late April and early May 2015, Defendant Hannibal told plaintiff as she walked by the kitchen area, in a threatening and sexual manner, that he was "well endowed despite body size". Other defendants continued to create the existence of a sexually hostile work environment. Plaintiff finally broke down and told her mother of what had been taking place at work and she contacted the Danvers Police Department, who may have taken a full report of the information.

22. At times relevant to plaintiff's complaint, she alleges Defendant's Hannibal, Juan and/or Rudi, would locate her in the restaurant and make sexually explicit comments, gestures and overtures towards her knowing that this was unwelcome and intolerable as clearly expressed on prior occasions. This conduct progressively got worse and said defendants would follow her

to the back of the restaurant near the dry storage room/walk in freezer and gang up on her together and make unconsented, offensive touching of plaintiff's person and force her to hug them involuntarily and after she and others had clearly told them to stop all such conduct on several occasions. Plaintiff alleges that Chili's Board of Directors, Directors and Officers, Managers and employees had direct knowledge of the risks posed by these named defendants and not only failed to act, but had previously terminated them for similar conduct and then, without justification and deliberate disregard of plaintiff's rights, rehired these defendants, who then engaged in the conduct toward plaintiff alleged in this complaint. Failing to supervise and immediately prevent this reported conduct at Chili's Danvers is tantamount to civil conspiracy and tacit agreement to allow such conduct to take place in the workplace.

23. Plaintiff alleges Chili's violated corporate policies and procedures that govern the initiation, investigation and resolution of reports of sexual harassment by fellow employees on the job, which plaintiff claims were egregiously ignored and the protections of such policies and procedures not made available to plaintiff in bad faith and with an improper motive.

24. Plaintiff alleges that Chili's Corporation, Directors, Officers, and Managers' civilly conspired with other defendants' to agree to allow such assaultive, unlawful, and sexually harassing conduct toward plaintiff for an economic motive and motives that were discriminatory, retaliatory for her complaining and improper motives that constitute egregious bad faith conduct.

25. Plaintiff alleges that at all times relevant to this complaint, Defendants' at Chili's corporate office had actual notice of the sexually harassing hostile environment which existed at

Chili's Danvers with respect to plaintiff's complaints, and plaintiff alleges corporate negligence against Chili's and that that Chili's Directors and Officers owed her a specific duty to act as an employee who had complained of sexual harassment, which was breached by the totality of Chili's conduct, and that breach caused plaintiff to suffer great economic and non-economic harm and damages.

26. Plaintiff alleges violation of M.G.L.A. c. 12 s. 11I, deprivation of her constitutional rights by means of threats, intimidation and coercion, and she was wrongfully and constructively terminated on May 9, 2015, suffering great economic and non-economic harm.

## COUNT I
### (Civil Assault and Battery)

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 26, as if set forth herein.

28. Plaintiff alleges that Defendants' Juan, Rudi and Hannibal, while employed by at Chili's in Danvers, committed common law assault and battery upon the person of plaintiff by voluntarily placing her in reasonable extreme fear of serious bodily injury, unconsented to and involuntary sexual touching and extreme sexually abusive verbal harassment directed at plaintiff, and plaintiff did in fact suffer severe physical and medical injuries such as past and future emotional distress, severe anxiety, humiliation and constant fear, which was purposeful, wanton and punitive conduct under the circumstances.

WHEREFORE, plaintiff demands judgment against Defendants for civil assault and battery, and conspiracy to commit civil assault and battery, aiding and abetting sexual harassment, and seeks damages for physical pain and suffering, emotional distress damages and injury, and seeks injunctive relief in the form of this court affirmatively ordering Chili's to amend, enforce and comply with their sexual harassment policies and procedures and have accountability within Chili's when such policies are knowingly and in tacit agreement with employees, ignored, foreseeably causing the exact harm suffered by this plaintiff, and award unspecified damages, pecuniary damages, actual damages, punitive damages, special damages and any medical bills and costs, attorney's fees, costs of the litigation and any other damages as this court may deem just and proper

WHEREFORE, plaintiff demands judgment against the Defendants civil assault and battery and conspiracy to commit civil assault and battery, and otherwise, for violation of M.G.L.A. c.151B §1, et seq., and seeks statutory damages, compensatory damages, punitive damages, special damages, emotional distress damages, injunctive relief in the form of this court affirmatively ordering Chili's to comply with their sexual harassment policies and procedures and report these incidents, and award pecuniary damages, actual damages, punitive damages, special damages and any medical bills and costs, attorney's fees, costs of the litigation and any other damages as this court may deem just and proper.

## COUNT II
## (M.G.L.A. c.214 §1C)

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28.

30. G. L. c. 214, § 1C, which provides that "[a] person shall have the right to be free from sexual harassment, and grants the Superior Court jurisdiction to adjudicate such claims. Plaintiff alleges that Chili's knowingly and/or gross negligently, willfully and recklessly failed to enforce sexual harassment contract rights, rules and policies and procedures designed to protect her, and when ignored, the damages suffered by plaintiff, as in this case, are extremely foreseeable and violates G. L. c. 214, § 1C.

31. Plaintiff claims that Chili's' conduct, by individually named defendants, defendants who are or may be unknown at this time and Chili's as a corporation, Board of Directors and Officers and Directors, managers and employees, constitutes a highly offensive, unreasonable, substantial or serious interference with her privacy rights in violation of M.G.L.A. c.214 §1B.

WHEREFORE, plaintiff demands judgment against the Defendants, for violation of M.G.L.A. c.214 §1C and M.G.L.A. c.214 §1B and seeks statutory damages, compensatory damages, punitive damages, special damages, emotional distress damages, injunctive relief in the form of this court affirmatively ordering Chili's to comply with their sexual harassment policies and procedures and report these incidents, and award pecuniary damages, actual damages, punitive damages, special damages and any medical bills and costs, attorney's fees, costs of the litigation and any other damages as this court may deem just and proper.

## COUNT III
## (MGLA c. 12 §11H and §11I)

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29.

32. Plaintiff alleges that defendants by his conduct interfered with and/or attempted to interfere with the exercise or enjoyment of her constitutional liberty rights, and procedural and substantive due process rights under the 1st, 9th and 14th Amendments, her rights to equal protection under the laws and Article 11 and 12 of the Massachusetts State Constitution, by means of threats intimidation and coercion. Chili's as a corporate entity, and individual Directors, Officers, Managers and employees, specific actions and failure to act to protect plaintiff in this case constitutes threatening and coercive means to violate her liberty rights, equal protection rights and due process rights to work without being overtly sexually harassed by Chili's employees, and Chili's grossly negligent and intentional interference with her personal autonomy and to be secure in her person, which is threatening intimidating and coercive and in violation of her civil rights under the M.G.L.A. c.12 §11H and §11I. (MCRA) Plaintiff alleges Chili's collective conduct shocks the conscience and defendants exercising their duties are not shielded from liability because their conduct constituted the common law torts of gross negligence, nonfeasance, malfeasance, conspiracy, and deliberate indifference to plaintiff's as an employee and clearly established constitutional rights which a reasonable person would have known.

WHEREFORE, plaintiff demands judgment against the Defendants, for interference with plaintiff's constitutional liberty rights, privacy rights and due process rights under the 1st, 5th, 4th, 9th, and 14th Amendments, and Article 11 and 12 of the Massachusetts State Constitution, by means of threats, intimidation and coercion in violation of M.G.L.A. c.12 §11H and §11I, and seeks statutory damages, compensatory damages, punitive damages, injunctive relief as already

requested, attorney's fees and the costs and expenses of the litigation, and asks the court to award plaintiff any other such damages and relief as this court may deem just and proper.

## COUNT IV
### (Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress)

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 32, as if set forth herein.

34. Plaintiff avers defendants' intentional and grossly negligent conduct and deprivations of her constitutional rights, directly caused her to suffer severe physical injury and invasion, shock, trauma, humiliation, emotional harm, pain and suffering, and objective manifestations of mental distress and a reasonable person would have suffered emotional distress under the circumstances of this case.

35. Plaintiff avers that defendant's conduct at relevant times, constitutes intentional infliction of emotional distress, in that defendants intended to inflict emotional distress or knew or reasonably should have known that emotional distress was likely to result from such conduct and that defendants' conduct was extreme and outrageous, and beyond all possible bounds of decency and utterly intolerable in a civilized community and, defendants conduct proximately caused plaintiff to suffer emotional distress so severe that no reasonable person could be expected to endure it, and/or could reasonably be viewed as an attempt to shock and harm plaintiff's peace of mind.

WHEREFORE, Plaintiff demands judgment against Defendants for Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress, and seeks compensatory damages, consequential damages, actual damages, unspecified damages, emotional distress damages, punitive damages, attorney's fees and costs of the action, and any such other damages or relief as the court may deem just and proper.

### COUNT V
### (Wrongful Termination/Constructive Termination)

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 35, as if set forth herein.

37. Plaintiff alleges she was employed by Chili's and was wrongfully and constructively terminated on May 9, 2015, in violation of a clearly established and important public policy which constitutes an exception to the employee at will doctrine, suffering great economic and non-economic harm. Sexual harassment laws for several decades and recent headlines, Chili's corporate policies and rules, as well as our day-to-day experiences, have demonstrated that our laws and workplace policies simply are not enough, and plaintiff is deserving of a legal remedy including damages and injunctive relief.

WHEREFORE, plaintiff demands judgment against defendants for wrongful termination and constructive discharge, and seeks compensatory damages, consequential damages, actual damages, unspecified damages, emotional distress damages, specific injunctive relief, punitive damages, attorney's fees and costs of the action, and any such other damages or relief as the court may deem just and proper.

## COUNT VI
## (MERA)

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 37, as if set forth herein.

39. Plaintiff alleges defendants' violated plaintiff's rights under M.G.L.A. c.93 s. 102, which reads in part: "[a]ll persons" shall have a right to "make and enforce contracts" without regard to sex, and, mandates and restores to workers the ability to sue for money damages in cases of on-the-job sex discrimination. Plaintiff alleges the rules at Chili's are enforced differently for men and women, and women are discriminated against and retaliated against.

WHEREFORE, plaintiff demands judgment against defendants for violation of MERA M.G.L.A. c.93 s. 102, and seeks all statutory damages, compensatory damages, consequential damages, actual damages, unspecified damages, emotional distress damages, specific injunctive relief, punitive damages, attorney's fees and costs of the action, and any such other damages or relief as the court may deem just and proper.

## COUNT VII
## (Breach of Implied Contract and Duty of Good Faith and Fair Dealing and Detrimental Reliance, Chili's Corporate Negligence)

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 39, as if set forth herein.

41. Plaintiff alleges defendants' that promises contained in Chili's Employee Handbook, the facts and circumstances surrounding plaintiff's employment including the promise to

monitor, prevent and stop known sexual harassment in the workplace and other unlawful conduct, the specific defendants' conduct as part of her terms and conditions of employment created an implied employment contract. At all times relevant, Chili's breached the contract under the circumstances, breached the implied contract of employment terms and conditions, and, breached their duty of good faith and fair dealing to plaintiff implied in all contracts Massachusetts. Plaintiff claims that Chili's and its Officers, Directors Agents, Board of Directors and employees, made knowing false statements of material facts in their investigation of plaintiff's claims, Chili's employment handbook, Chili's policies and procedures, in person, electronically, by mail and otherwise, that they would address plaintiff's specific complaints and that Chili's was committed to zero tolerance of sex abuse and/or harassment in their workplace, which plaintiff alleges is a knowing false statement of material fact that was communicated to plaintiff and relied upon by her to her great detriment. Chili's breached their duty owed directly to plaintiff to keep her reasonably safe in the workplace, and Chili's as an entity, a corporation responsible for the enforcement of their workplace policies and representations breached the duty owed to plaintiff. As a direct and proximate result of that breach of Chili's duty to plaintiff directly caused her to suffer great economic and non-economic damages.

WHEREFORE, plaintiff demands judgment against defendants for breach of contract, breach of implied employment contract and duty of good faith and fair dealing, and seeks all compensatory damages, consequential damages, actual damages, detrimental reliance damages, corporate negligence against Chili's, unspecified damages, emotional distress damages, injunctive relief, punitive damages, attorney's fees and costs of the action, and any such other damages or relief as the court may deem just and proper.

## COUNT VIII
### (Corporate Negligence)

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 41, as if set forth herein.

43. Plaintiff alleges that Chili's, Chili's Officers and Directors, and Chili's Board of Directors, have a duty to act in accordance with a reasonable standard of care which is that degree of skill and care that would prevent known harmful conduct and/or a known or apparent condition that should have discovered through the exercise of reasonable care, so as to prevent injury to a foreseeable plaintiff.

44. Plaintiff alleges defendants' failure to conform to the mandates and promises of the employee handbook and Chili's policies and procedures, violated the applicable corporate standards of care and duty of care owed to plaintiff and proximately caused her actual harm and foreseeable injury.

45. Plaintiff claims the defendant committed independent acts of negligence such as a failure to monitor and supervise the activities of employees at Chili's, Danvers, and defendants are vicariously liable for the negligent acts and omissions of its employees under theories of respondiat-superior and agency law, given the public's expectancy that the corporation owes a duty of reasonable care to its employees to reasonably protect their safety on the job from the known unlawful acts of other employees.

## COUNT IX
### (Promissory Estoppel)

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 45, as if set forth herein.

47. Defendants are liable to plaintiff under the theory of promissory estoppel, as embodied in the Restatement of Contracts Section 90 (1932), where defendants (promisor) makes a promise which should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise. Plaintiff relied upon Chili's Defendants oral and written representations that they would take reasonable disciplinary measures and otherwise take action to prevent the unlawful actions of Chili's employees such as creating a hostile working environment, sexual harassment on the job and on the premises, and other negligent supervision and assaultive conduct of Chili's employees, to her great detriment and plaintiff seeks an action against defendants for promissory estoppel. Plaintiff seeks injunctive relief and equitable relief under the doctrine of promissory estoppel.

## COUNT X
### (Fraudulent Misrepresentation)

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 47, as if set forth herein.

49. Chili's defendants made false statement of material facts to plaintiff, assuring her that management and the corporation would take disciplinary action which would ensure that she suffered no further violations of her personal rights, liberty rights, privacy rights and substantive

due process rights, and defendants at the time of making these assurances, especially Defendants', Ritchie Jean and officers and directors of Chili's and the Board of Directors as a separate entity made fraudulent misrepresentations that plaintiff was safe at work knowing such statements to be false and it the fraudulent misrepresentations proximately caused plaintiff to suffer great economic and non-economic loss and damages.

## COUNT XI
### (Declare M.G.L.A. c.151B Exclusive Limitations Rule Unconstitutional)

50. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 49, as if set forth herein.

51. Plaintiff alleges that the 300 day time limitations on sexual abuse and/or harassment in the workplace under M.G.L.A. c.151B, is unconstitutional where such limitation and administrative regulation violates her constitutional rights to due process, legal protection and access to the courts and does not serve the rational interest of a comprehensive legislative scheme to address sexual harassment and is constitutionally incompatible with the legislative history of M.G.L.A. c. 260. Plaintiff claims the exclusive limitations period violates her due process rights, liberty rights and equal protection rights and, violates the "standing laws" provision of art. 10 of the Massachusetts Declaration of Rights which prohibits, the enactment of special legislation that singles out any individual for special privileges or advantages at the expense of the rights of another", and violates the 1st, 4th, 5th, 9th and 14th Amendments to the United States Constitution, and therefore plaintiff should be afforded adequate due process, legal protection, access to the courts and otherwise a fair legal remedy under the law.

52. Plaintiff argues that existing law needs to be modified to meet the constitutional protections of a changing society, either under the Massachusetts Constitution c. 3, art. 2, or otherwise, and if existing law and decision is to be overruled, it can be only after argument in another cause between party and party, where the rights of all can be fully guarded, as in this case.

WHEREFORE, plaintiff seeks a declaratory judgment under M.G.L.A. c. 231A, that M.G.L.A. c.151B § 9 of M.G.L.A. c. 151B, as amended by St. 2002, c. 223, § 2, which provides that the administrative proceeding "shall", while pending, be exclusive, is unconstitutional as applied in this case, and afford plaintiff a remedy which this court may deem just and proper under the circumstances, including but not limited to compensatory damages, injunctive relief, equitable relief, damages for emotional distress and punitive damages.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable under Rule 38 of the

Massachusetts Rules of Civil Procedure.

## VERIFIED COMPLAINT

I, Sarah Jean Walther, the Plaintiff have read the allegations contained in this complaint and hereby verify them as true under the pains and penalties of perjury, this    day of May, 2018.

_Sarah Jean Walther_

Sarah Jean Walther, Plaintiff

Respectfully submitted,
Plaintiff, Sarah Jean Walther
By her attorney,

_David E. Ashworth_

David E. Ashworth, Esq., BBO# 549850
35 West Main Street
West Brookfield, MA 01585
(508) 981 1968, d_evan_ashworth@yahoo.com

**EXHIBIT B**

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                                SUPERIOR COURT DEPT.

---

SARAH JEAN WALTHER,

        Plaintiff,

v.

BRINKER RESTAURANT CORPORATION d/b/a
CHILI'S, JAY L. TOBIN, RITCHIE JEAN,
GEORGE CRESSEY, RUDI CHAVEZ, SEAN, KIM
RODRIGUEZ, HANNIBAL, BRYON MCCRORY,
and DENISE MOORE, ET AL.,

        Defendants.

No. WOCV2018-0683-A

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Civil Clerk's Office
        Worcester Superior Court
        225 Main Street
        Worcester, MA 01608

       **PLEASE TAKE NOTICE** that a notice of removal in the above action from the Worcester

County Superior Court has been duly filed in the United States District Court for the District of

Massachusetts. Attached hereto is a certified copy of that Notice of Removal.

                         Respectfully submitted,

                         BRINKER RESTAURANT
                         CORPORATION
                         By their attorneys,

                         /s/Douglas J. Hoffman
                         Douglas J. Hoffman (BBO # 640472)
                         JACKSON LEWIS P.C.
                         75 Park Plaza
                         Boston, MA 02116
                         (617) 367-0025; FAX: (617) 367-2155

Dated: August 31, 2018

## CERTIFICATE OF SERVICE

This hereby certifies that on this 31st day of August, 2018, a copy of the foregoing document was served upon Plaintiff's counsel, David E. Ashworth, 35 West Main Street, West Brookfield MA, 01585, via first class mail, postage pre-paid.

/s/Douglas J. Hoffman _____
Jackson Lewis P.C.